IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Harris David Abel, )
 )
        Plaintiff, ) Civil Action No.: 2:16-cv-3460-TLW
 )
v. )
 )
Commissioner, Social Security Admin., )
 )
        Defendant. )
_____)

## **ORDER**

The Plaintiff, Harris David Abel, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security (Commissioner), denying his claims for Disability and Disability Benefits. This matter is before the Court for review of the Report and Recommendation (the Report) filed on January 22, 2018, by United States Magistrate Judge Mary Gordon Baker, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C). ECF No. 17. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. The Plaintiff filed Objections to the Report, to which the Commissioner replied. ECF Nos. 21, 22. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation

> of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Magistrate Judge's Report, the objections thereto, and all other relevant filings. In his objections, Plaintiff argues that the Administrative Law Judge (ALJ) failed to support the decision to discount four treating professionals and the testimony of the Plaintiff and his wife. However, after reviewing the record and the Report, the Court concludes that the ALJ supported her decision to give little weight to the treating physicians with sufficient evidence. The ALJ did review the treating physicians' medical reports. Specifically, the ALJ Report states that Dr. Abel should be given little weight based on his familial relationship with the claimant, that he is not a disinterested party, that Dr. Abel produced few treatment notes, and that his treatment notes did not support a finding of disability, ECF No. 9-2 at 22; Karen Bullington, M.D. had a short treating relationship with the claimant, her records did not support the opinion, and there is no special certification for fibromyalgia, *id*.; Dr. Morgan did not provide specific limitations, *id.* at 23; and Ms. Graham is not an acceptable medical source and she based her opinion on the claimant's subjective report, *id.* Further, the Magistrate Judge sets out in detail the record in connection with Plaintiff's capabilities and why the ALJ discounts the testimony of Plaintiff and his wife. ECF Nos. 9-2 at 19–22, 17 at 11–15. Thus, to the extent that Plaintiff objects that the expert opinions and testimony of Plaintiff and his wife should have been weighed

differently, the Court accepts the Report of the Magistrate Judge, which concludes that the ALJ properly noted the relevant medical opinion evidence and gave ample explanation for crediting some opinions and discrediting others.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 17, is **ACCEPTED**, and Plaintiff's Objections, ECF No. 21, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

    _s/ Terry L. Wooten_  
    TERRY L. WOOTEN  
    Chief United States District Judge

March 29, 2018  
Columbia, South Carolina